THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BELL, | ) | |
| | ) | Civil Action No. 2: 15-cv-0464 |
| Plaintiff, | ) | |
| | ) | Arthur J. Schwab, |
| v. | ) | United States District Judge |
| | ) | |
| TORRANCE STATE HOSPITAL, et al | ) | Cynthia Reed Eddy, |
| | ) | United States Magistrate Judge |
| Defendants. | ) | |

**REPORT & RECOMMENDATION**

**I.     Recommendation**

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

**II.    Report**

Plaintiff, Dawn Bell, is a state prisoner currently incarcerated at SCI-Muncy. She commenced this action on or about April 7, 2015, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a civil rights complaint (ECF No. 1-1).

The Court takes judicial notice of the fact that Plaintiff has "three strikes" within the meaning of 28 U.S.C. § 1915(g),[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions,

---
[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and court records indicate that Plaintiff has had at least three prior actions dismissed that count as strikes. *See Ball v. Famiglio*, 726 F.3d 448 (3d Cir. 2013), *cert. denied*, -- U.S. --, 134 S.Ct. 1547 (March 24, 2014) (finding that Ball has three strikes that bar her IFP status, to wit: *Ball v. SCI Muncy*, No. 08-cv-0391 (M.D. Pa. Dec. 10, 2008); *Ball v. Hartman*, No. 09-cv-0844 (M.D. Pa. Feb. 16, 2010); and *Ball v. Butts*, 445 F. App'x 457 (3d Cir. 2011)).

Although Plaintiff has had at least three previous "strikes," she may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that she was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Ball v. Famiglio,* 726 F.3d at 467. In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman,* 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it

wanted to . . . prevent impending harms, not those harms that had already occurred.

*Ball,* 726 F.3d at 467 *(quoting Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted). The danger must be imminent at the time the complaint is filed. *Id.* The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint IFP if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee. Courts reject imminent danger claims when a prisoner alleges only a past injury that has not recurred. *Id*. (citing *Abdul-Akbar,* 239 F.3d at 315).

A review of Plaintiff's allegations indicate that Ball's allegations plainly fail to demonstrate imminent danger of serious physical injury that would entitle her to the exception to the PLRA bar. All of the claims in the instant Complaint stem from events which allegedly occurred while Plaintiff was hospitalized at Torrance State Hospital from March 2, 2015, through March 12, 2015. The Complaint reflects that Plaintiff is no longer at Torrance State Hospital (Defendants refused to return her property "until she left") and the envelope used to mail the instant Motion and Complaint is postmarked April 3, 2015, and was mailed from SCI-Muncy. Accordingly, her claims do not meet the imminent danger requirement. Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this action.

### III.     Conclusion

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the

full statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days after date of service to file objections to this Report and Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: April 30, 2015

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: DAWN BALL
OL-0342
P.O. Box 180
Muncy, PA 17756
Via U.S. Postal Mail